UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

TODD KREISLER,

                Plaintiff,

v.

SECOND AVENUE DINER CORP.,
a New York corporation, d/b/a PLAZA
DINER, and J.J.N.K. CORP.,
a New York corporation,

                Defendants.

-------------------------------------------------------X

Civil Action No. 10 Civ. 7592 (RJS)
ECF CASE

**PLAINTIFF'S OPPOSITION TO
TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

    Plaintiff, Todd Kreisler, by and through his undersigned counsel, hereby files this Opposition to Defendant's Motion for Summary Judgment, and states as follows:

### I.  Introduction

    This suit was brought by Todd Kreisler, an individual, pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. 12181, et. seq. (the "ADA"), the New York City Human Rights Law (NYC Admin Code § 8-107) and the New York State Human Rights Law (NYC Exec. Law § 296).

    The Defendants are Second Avenue Diner Corp., d/b/a Plaza Diner, the lessee of the premises and the operator of the business (See lease agreement attached hereto as Exhibit "A", and Deposition of John Kalas, p. 8, attached hereto as Exhibit "B" ), and J.J.N.K. Corp, the owner of the building and the lessor of the subject premises (See Exhibit "A", and Deposition of John Kalas, p. 8, attached hereto as Exhibit "B").

    The Plaintiff has a mobility impairment resulting from cerebral palsy and rheumatoid arthritis, conditions that prevent him from walking and rendering him

1

confined to a power wheelchair for mobility. (See Kreisler Affidavit attached hereto as Exhibit "C"),

The Plaintiff asserts a claim that the Defendants are in violation of the aforementioned laws because the restaurant known as Plaza Diner, located at 1066 2nd Avenue, New York, New York, denied the Plaintiff full and equal access to the benefits, accommodations and services within Plaza Diner, due to architectural barriers at the subject property, and will be denied an/or limited in the future unless Defendants are compelled to rectify the violations of the ADA at the Plaza Diner.

Defendants' Motion for Summary Judgment is based on the Defendants' false assumptions, mischaracterization of the facts, and misconception of the law, in addition to case law unsupportive of the Defendants' position. The Court should therefore deny Defendants' Motion for Summary Judgment.

## II.     Standard of Review

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and affidavits reveal no genuine issue as to material fact. *Id. Fed. R. Civ. P. 56*. The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's

2

case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The underlying facts are viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).

### III. <u>Plaintiff has Standing</u>

As a general rule, Title III of the ADA prescribes, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *42 U.S.C. § 12182(a), PGA Tour, Inc. v. Casey Martin,* 532 U.S. 661 (2001). The ADA provides a private right of action if a place of public accommodation fails to remove architectural barriers. *42 U.S.C. § 12188(a)(1).*

There are three standing requirements under Article III of the Constitution: 1) plaintiff must have suffered an injury in fact that is concrete and particularized that is a) concrete and particularized and b) suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not "conjectural" or hypothetical; 2) there must be a causal connection between the injury and the conduct complained of; and 3) the injury will be redressed by a favorable decision. *Lujuan v. Defenders of Wildlife,* 504 U.S. 555 (1992).

To establish standing in an ADA suit seeking injunctive relief based upon lack of access to a public accommodation, a plaintiff must (1) allege past injury under the ADA; (2) show that "it is reasonable to infer from his or her complaint that this discriminatory treatment will continue"; and (3) show that "it is also reasonable to infer, based on the

3

past frequency of [his or] her visits and the proximity of [the public accommodation] to [his or] her home, that [he or she] intends to return to [the public accommodation] in the future." *Harty v. Simon Prop. Grp.* (2nd Cir., 2011); citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir., 2008). The Plaintiff's frequency of travel near the defendant weighs in favor of the plaintiff if he demonstrates either pre-existing business or familial association within the area of defendants' place of accommodation. *Brown v. Showboat Atl. City Propco*, LLC, (D.N.J., 2010) (establishment of nearby travel is indicative of the likelihood that a plaintiff would return to the defendant's place of accommodation.)

At the summary judgment stage a plaintiff need not establish standing, but only that there is a genuine issue of a material fact as to the standing element. *Access 4 All v. Trump Intern. Hotel and Tower Condominium*, 458 F.Supp.2d 160 (S.D.N.Y., 2006).

In this case, the Plaintiff lives approximately three blocks (approx. ¼ mile) from the defendants' property. The Plaintiff's complaint alleges "Mr. Kreisler has physical impairments resulting from cerebral palsy and rheumatoid arthritis, conditions that inhibit the major life activity of walking and substantially limit him in the exercise of normal bodily functions. Prior to filing this lawsuit, the Plaintiff personally visited Plaza Diner, but was denied full and equal access to, and full and equal enjoyment of, the facilities within Plaza Diner, which is the subject of this lawsuit." (Compl. ¶ 5).

Clearly, the Plaintiff has alleged injury and discrimination. This allegation in itself demonstrates that the Plaintiff was denied the full and equal enjoyment of goods and services at the subject facility.

In *Chapman v. Pier 1 Imports* (U.S.) 631 F.3d 939 (9th Cir. 2011) the defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. Rule 12 based on alleged lack of standing. The 9th Cir. held:

> ..."[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." Id. at 1047.[7] Under *Doran*, Chapman need not have personally encountered all the barriers that impede his access to the Store in order to seek an injunction to remove those barriers. *See Pickern*, 293 F.3d at 1138. If Chapman has standing to pursue injunctive relief as to some of the barriers that he actually encountered, then he has standing to seek an order requiring the removal of all barriers at the Store that are related to his disability and that he is likely to encounter on future visits. *Doran*, 524 F.3d at 1047."

In contrast to defendants' assertion in its Motion for Summary Judgment, it is irrelevant whether the Plaintiff was aware of the violations in the interior of the Plaza Diner prior to filing suit because Kriesler testified he was unable to enter the restaurant due to an eight inch step at the only entrance at the Plaza Diner. (Exhibit C).

*Chapman*, a 9th Circuit case, is also distinguishable and inapplicable to the instant action. In *Chapman*, the plaintiff attached a document referred to as an Accessibility Survey to his complaint, listing store barriers known to him, and did not relate the violations to his disability.

In the case at bar, the Complaint specifies the violations at the facility directly in paragraph 13 of the Complaint. Moreover, the violations specified in Plaintiff's Complaint pertain directly to the Plaintiff's disability.

The Plaintiff has alleged that he is subject to future injury by the Defendant based on his professed intent to return to the premises of the Defendant. (Exhibit "C"). The Complaint also states the Plaintiff has been unable to, and continues to be unable to,

enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at Plaza Diner. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant, Second Avenue Diner Corp.'s restaurant. Prior to the filing of this lawsuit, Kreisler personally visited Plaza Diner with the intention of using Plaza Diner's facilities, but was denied full and safe access to the facilities within Plaza Diner and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit Plaza Diner in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Plaza Diner in violation of the ADA. (Compl. ¶ 11.)

Therefore, the Complaint alleges an injury in fact and succinctly states that the Plaintiff will be discriminated against by the Defendant in the future. Moreover, the Plaintiff intent to return is factual and not speculative. Further, the Plaintiff intent to return is immediate as he intends to dine at the Plaza Diner as soon the Diner makes the necessary changes to accommodate him. (Exhibit "C"). The Plaintiff and Defendants' have submitted expert reports. The respective expert reports each indicate there is currently no accessible restroom. (See Defendants' Expert report attached hereto as Exhibit "D" and Plaintiff's Expert Report attached hereto as Exhibit "E").

Plaintiff's affidavit further states "I passed by the Plaza Diner on many occasions and would have gone in to eat at the diner if it was accessible. I did not attempt to enter the Plaza Diner because of the eight inch step which prevented me from entering the diner. There was also no accessible signage or a buzzer or doorbell and the diner appeared clearly non-compliant with the Americans with Disabilities Act." (Exhibit "C")

Deposition testimony of Mike Aronis verifies the Kreisler Affidavit. Mike Aronis stated testified that there was no buzzer at the entrance of the restaurant until after the Complaint in this action was filed and that the step remains. (See Deposition Aronis, p. 19, 20, attached hereto as Exhibit "F").

It is undisputed that it cannot be disputed that the Plaintiff cannot prove the three elements set forth in *Camarillo*.

## IV. Defendants' Must Remove Architectural Barriers to the Full Extent Required by the ADA

Under the ADA, the Department of Justice is instructed to issue regulations providing substantive standards for public facilities subject to the ADA. 42 U.S.C. § 12186(b). These regulations are known as the ADA Accessibility Guidelines ("ADAAG"). The ADAAG "provide valuable guidance for determining whether an existing facility contains architectural barriers." *D'Lil v. Stardust Vacation Club*, No. CIV-S-00-1496, 2001 WL 1825832, at *4 (E.D. Cal. Dec. 21, 2001).

In *Stardust*, the court stated:

> Defendants concede that Room 138 lacks the clear-floor space required by ADAAG § 4.23.2. [*15] [HN9] *See* ADAAG § 4.23.2 (an accessible bathroom must contain enough unobstructed turning space to allow a wheel-chair bound user to make a 180 degree turn)(Defs.' SUF at P 76). By demonstrating the lack of clear floor space in Room 138, D'Lil has raised a sufficient question of fact regarding the existence of prohibited architectural barriers to survive summary judgment. *See Access Now v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1362 (S.D. Fla. 2001) ([HN10] evidence of deviation from ADAAG sufficient to withstand summary judgment on existence of architectural barriers). However, at trial, D'Lil must still prove that Room 138 contained actual barriers that hindered her access to the room; she cannot rely solely on the Stardust's deviation from ADAAG to establish her Title III claim. *See id. at 1367* (deviation from ADAAG standards is relevant but not determinative in establishing barriers to access; at trial a defendant may be able to show that

7

> "despite the technical noncompliance [with ADAAG], the challenged accommodation in fact allows disabled persons effective access").

Similarly, in this case, the Defendants' expert report admits that the restrooms within the Plaza Diner are non-compliant with the ADA. Plaintiff's expert report also states that the restroom facilities are non-compliant with the ADA. Therefore, a sufficient question of fact exits regarding prohibited architectural barriers and summary judgment must be denied.

Defendants' expert report makes a conclusory statement that it is not readily achievable to make the restroom ADA compliant. However, whether a specific change is readily achievable "is a fact intensive inquiry that will rarely be decided on summary judgment." *Stardust,* quoting Access *Now, 161 F. Supp. 2d at 1371*.

Title III of the ADA does not specify which party bears the burden of proving that removal of an architectural barrier is not readily achievable. 42 U.S.C. § 12181(9) states:

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include (A) the nature and cost of the action needed under this chapter; (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility; (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

Defendants' expert report does not state what methods were used to determine altering the bathroom is not readily achievable. Defendants' expert report does not state whether he reviewed the defendants' tax returns.

A review of the defendants' tax returns from the years 2007 to 2010 and applicable tax laws indicate it is readily achievable, based on the financial resources of the defendants, to provide a restroom accessible for the disabled.

Nevertheless, readily achievable is not the appropriate standard to apply to the restrooms in the Plaza Diner. Aronis admitted in his deposition that there were alterations to the restroom in 1998. (Exhibit "F" p. 26) Aronis testified:

> Q:   Are there rear and side grab bars in the restroom in the bathroom at the Plaza Diner?
> A:   Yes.
> Q.   When where they installed?
> A:   1998.

Since an alteration has occurred to the restroom, the restroom is subject to the maximum extent feasible standard. To establish the existence of an alteration, a plaintiff fulfills his or her initial burden of production by identifying a modification to a facility and by making a facially plausible demonstration that the modification is an alteration under Title III of the Americans With Disabilities Act (ADA), *42 U.S.C.S. § 12182 et seq.* The defendant then bears the burden of persuasion to establish that the modification is in fact not an alteration. If a court determines that a particular modification is an alteration under the ADA, it must then decide whether the alteration was made readily accessible and usable to disabled individuals to the maximum extent feasible. *42 U.S.C.S. § 12183(a)(2).* Roberts v. Royal Atlantic Corp., 542 F.3d 363 (2nd Cir., 2008).

The maximum extent feasible requirement does not ask the court to make a judgment involving costs and benefits. Instead it requires accessibility except where providing it would be virtually impossible in light of the nature of an existing facility. 28 C.F.R. § 36.402(c). The statute and regulations require that such facilities be made accessible even if the cost of doing so--financial or otherwise--is high. *Id.*

As noted above, Aronis testified there are rear and side grab bars in the restroom in the bathroom at the Plaza Diner in 1998. (Exhibit "F", p. 26). The Plaza Diner contains two restrooms. In the womens' restroom there is a side grab bar only and in the mens' restroom there is a rear grab only. This is confirmed by pictures of the restrooms provided by defendants counsel. Plaintiff's expert report states there are no grab bars along the toilet. There is only one grab bar along each toilet. The ADAAG requires two grabs, a rear and side grab bar. Furthermore, there is not enough adequate clear floor space for maneuvering within either restroom. (Exhibit "D" and Exhibit "E").

The Department of Justice (DOJ) has expressed concern over the current state of restrooms in places of public accommodation. The DOJ stated:

> Currently, persons who use side or parallel transfer methods from their wheelchairs are faced with a stark choice at establishments with single user toilet rooms—*i.e.,* patronize the establishment but run the risk of needing assistance when using the restroom, travel with someone who would be able to provide assistance in toileting, or forgo the visit entirely. *Federal Register / Vol. 75, No. 178 / Wednesday, September 15, 2010 / Rules and Regulations.*

In this case, the experts concur that the Plaza Diner fails to have adequate clear floor space for maneuvering within either single user restroom. Further there are no rear and side grab bars around an accessible toilet, only one grab bar around each toilet,

installed in 1998. This Court should therefore apply the maximum extent feasible standard since an alteration was conducted within the restrooms in 1998.

Aronis also stated there have been other alterations to the Plaza Diner in 2003. Aronis testified: "Just general painting, some equipment upgrades. We put in a new drop ceiling. We changed the exterior sign of the store. Along with the drop ceilings we had to put some energy efficient light fixtures some neon lights for trim." (Exhibit F. p 28-29).

In addition, a material fact exists regarding the entrance. The Defendants have not shown a permanent ramp cannot be installed as there is conflicting testimony between the experts. Therefore, genuine issues of material fact exist and the Court should allow the parties to proceed to trial.

### V. Plaintiff has Established a Claim of Disability Discrimination

Even assuming, arguendo, as defendants have argued, that Plaintiff's Architectural Expert/Report is insufficient, Plaintiff's claims should not be summarily dismissed. Defendant cites no statutory provision of the ADA which requires a plaintiff to present this case through expert testimony. Accordingly, because Defendant has not proven that the Plaintiff cannot prevail at trial without the testimony of an expert witness, defendants' motion for summary judgment must be denied. *Rule 56, Fed.R.Civ.P.; Celotex Corp.*, 477 U.S. at 323 (Defendant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.)

Defendants', in their moving papers, do not dispute Plaintiff's allegations on disability discrimination regarding violations of the New York City Human Rights Law and New York City Human Rights Law. Defendants moving papers do not dispute the

11

Plaintiff's New York City and State claims for compensatory damages. Therefore, defendants' motion must be denied on this ground.

## VI. Conclusion

This case is about a Plaintiff who has a meritorious claim and a business in violation of the Americans with Disabilities Act. The defendants have made little or no effort to remove architectural barriers and are trying to avoid removing access barriers unless forced to do so by the Court. The defendants and its attorney are attempting to avoid complying with three laws, the Americans with Disabilities Act, the New York City Human Rights Law, and the New York State Human Rights Law. The Plaintiff and Plaintiff's undersigned counsel respectfully requests the defendants' Motion for Summary Judgment be denied.

Dated: New York, New York
September 2, 2011

Respectfully submitted,

*/s/ Adam T. Shore*

Adam T. Shore, Esq. (AS4825)
Law Office of Adam Shore
Attorney for Plaintiff
100 Park Avenue, Suite 1600
New York, New York 10017
Telephone:  (646) 476-4296
Facsimile:   (646) 390-7422
Email:        atsesq@gmail.com