UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TODD KREISLER,                                        Case No.: 10cv7592 (RJS)

                        Plaintiff,

    -against-

SECOND AVENUE DINER CORP. d/b/a
PLAZA DINER and J.J.N.K. CORP.,

                        Defendants.

-----------------------------------------------------------X

# REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

                                              Paul Stamatelatos, Esq. (PS4437)
                                              Attorney for Defendants
                                              36-19 Broadway, 2nd Floor
                                              Astoria, New York
                                              Tel. (718) 956-8144
                                              Fax. (718) 956-8147
                                              Email: paulstamatelatos@yahoo.com

Defendants, Second Avenue Diner Corp. d/b/a Plaza Diner and J.J.N.K. Corp., by and through their counsel, Paul Stamatelatos, Esq., submit this Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment in support of the motion seeking summary judgment dismissing the Complaint filed by Plaintiff, Todd Kreisler (the "Complaint", <u>Exhibit A</u> to the Stamatelatos Declaration) pursuant to Fed. R. Civ. P. 56.

I. **Introduction**

This action was brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), which concerns "places of public accommodation" against defendant, Second Avenue Diner Corp. d/b/a Plaza Diner ("Plaza Diner"), the owner of a diner operating at 1066 Second Avenue, New York, NY, and defendant, J.J.N.K. Corp., the owner of the building in which the Plaza Diner is located. Plaintiff in his Complaint at ¶ 13 alleges that the Plaza Diner is non-compliant with the ADA by reason of 1) an alleged step outside the entrance that impedes use of the facilities by persons using wheelchairs, 2) alleged interior code violations in the Plaza Diner's bathroom, 3) alleged interior code violations in the Plaza Diner's seating area, and 4) with the location of its signage. Kreisler seeks injunctive relief in the form of an order requiring Defendants to alter the Plaza Diner to make it complaint with the ADA, and legal fees.

Plaintiff states in his Complaint at ¶ 3, 11, that prior to filing the Complaint he personally visited the Plaza Diner, but was denied full and equal access. In fact, Kreisler has never been inside the Plaza Diner and has never even asked for assistance to get into the Plaza Diner. In that Kreisler has not been inside or tried to gain access into the

1

Plaza Diner, the entirety of the Kreisler's allegations concerning the Plaza Diner's supposed non-compliance with the ADA, (Complaint at ¶13 (a-h)), were clearly not based upon his personal observation. Clearly, Kreisler never saw or experienced the alleged violations nor could he have suffered injury by them.

Equally unavailing is Kreisler's generalized claim that on an unspecified date he was allegedly denied "full and equal access" to the Plaza Diner, (Complaint ¶3, 11), in view of his omission of any relevant particulars.

The Defendants contend that the construction of the restaurant predated the effective date of Title III of the Act. As such the "readily achievable" standard applies. Kreisler has failed to meet his burden under that standard. Moreover, as Plaintiff did not personally encounter the other claimed ADA violations or provided any "tangible injury in fact" he lacks standing to pursue these claims.

Since the evidence establishes that Kreisler has never entered the Plaza Diner, coupled with a lack of any evidence that he has any real intent to return to the Plaza Diner in the near future, Kreisler is without standing to bring this suit. Based upon these undisputed facts, Defendants are entitled to Summary Judgment on Kreisler's claims.

## II.   Plaintiff Lacks Standing To Pursue This Action.

Plaintiff has failed to show that he has standing and rebuts Defendants' argument by advancing an argument that Plaintiff simply "passed by" the Plaza Diner and would have gone in to eat if the diner was accessible. See Affidavit of Todd Kreisler (Exhibit C to Plaintiff's Opposition to Defendants' Motion for Summary Judgment). Plaintiff further states in his Affidavit that there was no accessible signage or a buzzer or doorbell

2

(Exhibit C to Plaintiff's Opposition to Defendants' Motion for Summary Judgment). It is not in dispute that there is now accessible signage and a buzzer at the Plaza Diner. Furthermore, it is undisputed that Plaintiff until now has failed to personally visit the Plaza Diner. Clearly, this is what legal commentators refer to as "ADA drive by litigation". Plaintiff has submitted an Affidavit which is a "sham affidavit" for the sole purpose of defeating the motion for summary judgment. It is clear from Plaintiff's deposition testimony that Plaintiff would merely pass by the Plaza Diner with no intention to dine at the Plaza Diner.

Plaintiff cannot and does not make a statement that he requested and was refused service by the Plaza Diner. Therefore, any alleged injury in fact is strictly "conjectural" or "hypothetical" and insufficient to establish standing.

To establish Article III standing, a plaintiff has the burden of proving: (1) that he suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) redressability of the injury by a favorable decision. <u>Port Washington Teachers' Ass'n v. Board of Education of the Port Washington Union Free School District</u>, 478 F.3d 494, 498 (2d Cir. 2007) (internal quotation marks omitted), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). <u>See</u> also <u>Chapman v. Pier 1 Imports (US) Inc.</u>, 631 F.3d 939 (9th Cir. 2011). In <u>Chapman</u>, the Court held that where a plaintiff is relying on intent to return to establish standing, that intent must be <u>coupled</u> with an injury in fact.

It is undisputed that the Plaza Diner is willing and able to accommodate patrons in wheelchairs and has served such patrons before. Kosmas Aronis who testified in the

3

deposition of the Plaza Diner states that Plaza Diner has previously served people in wheelchairs and the Plaza Diner maintains a portable ramp to assist people with access into the Plaza Diner (Aronis Deposition, p. 19 - 20).

In addition, Plaintiff has never engaged personnel from the Plaza Diner to assist him to access the Plaza Diner and in fact has never been inside the Plaza Diner (Kreisler Deposition, p. 25).

Therefore, since Plaintiff made no effort to request service at the Plaza Diner, and was not refused any interior accommodations, such as seating, dining or the use of the bathroom, Plaintiff cannot be said to have been denied service or maintain that he suffered an injury in fact. By failing to request any services, much less assistance, Plaintiff's claimed discrimination and claimed violations at the Plaza Diner are strictly conjectural and hypothetical. Plaintiff has never personally visited the Plaza Diner, was never denied full and equal access to, and full and equal enjoyment of the Plaza Diner, and the facilities within the Plaza Diner. Plaintiff clearly lacks standing.

Kreisler admits in his Deposition testimony that although he had passed by the restaurant on several occasions, he never looked at the Plaza Diner's menu, never tried to dine at the Plaza Diner, never tried to enter the Plaza Diner, never engaged or asked for assistance from any of Plaza Diner's employees to enter the Plaza Diner, and was never in the Plaza Diner (Kreisler Deposition, p. 21 - 26)

Since standing can be challenged at any time during a proceeding, not just upon a motion to dismiss, summary judgment is appropriate. See, Chapman, (9th Cir. 2011) (en banc) at 962. Although Pier One failed to move to dismiss under Federal Rule of Civil Procedure 12(b)(1), "[f]ederal courts are required sua sponte to examine

4

jurisdictional issues such as standing." Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted); accord United States v. Hays, 515 U.S. 737, 742 (1995). The existence of Article III standing is not subject to waiver. Hays, 515 U.S. at 742. Standing must be demonstrated "at the successive stages of litigation", Lujan, 504 U.S. at 561, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action" Fed. R. Civ. P. 12(h)(3).)

### III. Defendants' Need To Remove Architectural Barriers Only If Readily Achievable

Even if Plaintiff had standing to bring this action, he has failed to meet his burden of proof that the removal of the barriers required to make the Plaza Diner ADA compliant are readily achievable.

Alterations were made to the original existing restaurant at the premises in 1990. Because this is an existing facility, the readily achievable standard applies as set forth in 42 U.S.C. § 12182(b)(2)(A)(iv); 28 CFR 36.304.

The term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

Under the readily achievable standard, the Plaintiff has the burden to show that removing a barrier is readily achievable. Colorado Cross Disability Coalition v. Hermanson Family Limited Partnership I, 264 F.3d 999 (10th Cir. 2001). The Eleventh Circuit has reached a similar holding in Dietrich v. Atlanta Landmarks 452 F.3d 1269 (11th Cir. 2006).

5

Plaintiff contends that since the Plaza Diner installed grab bars in 1998 an alteration occurred and the restroom is subject to the maximum extent feasible standard. An alteration is a change to a place of public accommodation or commercial facility that affects or could affect the usability of the building or facility or any part thereof." 28 C.F.R. § 36.402(b). The installation of grab bars did not affect the usability of the building or the Plaza Diner. Moreover, normal maintenance, reroofing, painting or wallpapering, or changes to mechanical and electrical systems are not alterations unless they affect the usability of the building or facility. 28 C.F.R. § 36.402(b)(1). General painting, equipment upgrades, the installation of a drop ceiling, changing the exterior store sign, installing energy efficient light fixtures and neon lights are not alterations since they do not affect the usability of the building or facility.

Furthermore, the voluntary removal of alleged barriers before trial such as the installation of the buzzer and grab bars has the effect of mooting Plaintiff's ADA claims. See Oliver v. Ralph's Grocery Company, __ F.3d ___, 10886 (9th Cir. 2011); Hubbard v. 7 Eleven, Inc., 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006).

Plaintiff has failed to meet his burden to show the claimed violations are readily achievable.

**IV.    Plaintiff Has Not Established A Claim For Disability Discrimination**

According to the deposition testimony of Kosmas Aronis the Plaza Diner has not and does not discriminate against persons with disabilities that want to dine at the Plaza Diner. The Plaza Diner is able to accommodate patrons with disabilities and does in fact accommodate persons with disabilities that want to use the facilities of the Plaza Diner.

6

Plaintiff contends that since Defendants' moving papers for summary judgment did not dispute the Plaintiff's claims relating to the New York City Administrative Code § 8-107(4)(a) and New York State Executive Law § 296 (2)(a) that summary judgment must be denied.  Both laws have substantially similar language that provide a general prescription against discriminatory conduct around several protected basis. Neither law however, provides for the removal of architectural barriers. Except for violations of the ADA, Plaintiff has not made any particular or independent allegations of discriminatory conduct by the Defendants under either the State or City laws. Accordingly, if this Court grants summary judgment dismissing the Plaintiff's ADA claims, it should also dismiss these claims as a matter of judicial economy.

Alternatively, if this Court grants summary judgment on Plaintiff's ADA claims, this Court may dismiss the State and City claims and decline to exercise supplemental jurisdiction. Both statutes provide a forum outside of Federal Court for redress of the claimed violations. Notably, the NYC Human Rights Commission is empowered to directly determine and resolve complaints of discriminatory conduct.

**V.**     **Conclusion**

For the above reasons, Defendants respectfully request this Court to grant their Motion for Summary Judgment and dismiss the action in its entirety together with whatever other and further relief it deems just and proper.

                          Respectfully submitted,

                          s/   Paul Stamatelos_____  
                          Paul Stamatelos, Esq. (PS4437)  
                          Attorney for Defendants  
                          36-19 Broadway, 2nd Floor  
                          Astoria, NY 11106  
                          Tel. (718) 956-8144  
                          Fax. (718) 956-8147  
                          Email: paulstamatelos@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September, 2011, the Reply to Plaintiff's Opposition to Defendants' Motion For Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

s/      Paul Stamatelatos
Paul Stamatelatos, Esq. (PS4437)
Attorney for Defendants
36-19 Broadway
2nd Floor
Astoria, NY 11106
Tel: (718) 956-8144
Fax:(718) 956-8147
Email: paulstamatelatos@yahoo.com

9