UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TODD KREISLER,                                    Case No.: 10cv7592 (RJS)

                  Plaintiff,

      -against-

SECOND AVENUE DINER CORP. d/b/a
PLAZA DINER and J.J.N.K. CORP.,

                  Defendants.
--------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR FEES AND COSTS

                                            Paul Stamatelatos, Esq. (PS4437)
                                            Attorney for Defendants
                                            36-19 Broadway, 2 Floor
                                            Astoria, New York
                                            Tel. (718) 956-8144
                                            Fax. (718) 956-8147
                                            Email: paulstamatelatos@yahoo.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..............................................................................1

NATURE OF ACTION......................................................................................2

LEGAL ARGUMENT........................................................................................2

   I. Legal Standard....................................................................................2

   II. The Prevailing Market Rates for the Plaintiff's Attorneys in this Matter......3

   III. The Expenditure of Time by Plaintiff's Attorneys is Unreasonable
      and the Hours Billed Should be Reduced Accordingly.............................4

      A. The Time Expended by the Plaintiff's Attorneys is Clearly Excessive....4

      B. The Plaintiff's Attorneys Time Entries are Vague and Inconsistent........7

   IV. The Plaintiff's Attorneys' Hours Should be Further Reduced because
      Plaintiff was Not Successful in Receiving All the Relief Sought................8

   V. Plaintiff's Attorneys' Costs Should be Reduced.........................................9

   VI. Plaintiff's Motion for Costs and Fees Should be Stayed Pending Appeal...9

   VII. Plaintiff is not a Prevailing Party.............................................................10

   VIII. Plaintiff's Conduct was Unreasonable....................................................10

CONCLUSION................................................................................................11

**TABLE OF AUTHORITIES**

Access-4-All, Inc. v. Hi 57 Hotel, LLC, 2006 WL 196969 (S.D.N.Y)................ 3

Blum v. Stenson, 485 U.S. 886 (1984)............................................................ 3

Brereton v. Bountiful City Corp., 434 F. 3d 1213, 1216 (10th Cir. 2006)......... 9

Brown v. Lucky Stores, Inc., 26 F.3d 1182, 1190 (9th Cir. 2001)....................11

Buckhannon Board and Care Home, Inc. v. W.Va. Dep't of Health
and Human Res., 532 U.S. 598 (2001)...........................................................10

Dailey v. Society Generale, 915 F.Supp. 1315, 1328 (S.D.N.Y. 1996)........... 7

Doran v. Del Taco, Inc., 373 F. Supp. 2d 1028, 1030 (S.D. Cal. 2005)..........10

Guardians Ass'n of Police Dept. of New York, Inc. v. City of New York,
2004 WL 1238376 (S.D.N.Y.)......................................................................... 2

Hensley v. Eckerhart, 461 U.S. 424, 433-34 103 S.Ct. 1933,
76 L.Ed.2d 40 (1983)......................................................................................3, 4

Hudson v. Principi, 260 F. 3d 1357, 1363 (Fed. Cir. 2001)............................10

In Re NTL Inc., 2007 WL 438320 (S.D.N.Y)................................................... 2

Katzenberg v. Lazarri, 2007 WL 2973586 (E.D.N.Y.)............................2, 4, 7, 8

Klimbach v. Spherion Corp., 467 F.Supp. 2d 323, 331 (W.D.N.Y. 2006)..3, 4, 9

MTX Communications Corp. v. LDDS/Worldcom, Inc.,
2001 WL 674142 (S.D.N.Y).............................................................................9

New York State Ass'n for Retarded Children v. Carey,
711 F.2d 1136, 1148 (2d Cir. 1983)..............................................................3, 7

Rosasa v. Hudson River Club Restaurant, et al.,
1998 WL 106141 (S.D.N.Y.)............................................................................2

Trustees of the Bricklayers and Allied Craftsworkers Local 5 New York
Retirement v. Hemler-Cronin Construction, Inc.,
2005 WL 3789085 (S.D.N.Y.)..........................................................................9

W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir.1994)............................................10

Williamsburg Fair Housing Committee v. The New York City Housing
Authority, et al., 2007 WL 486610 (S.D.N.Y.).................................................2

Yash Raj Films (USA) Inc., v. Movie Time Video USA, Inc.,
2007 WL 2572109 (E.D.N.Y.).........................................................................4

## **PRELIMINARY STATEMENT**

Defendants, Second Avenue Diner Corp. d/b/a Plaza Diner (hereinafter "Plaza Diner") and J.J.N.K. Corp., submit this Brief in opposition to Plaintiff's Motion for Fees and Costs.

Plaintiff requests $96,189.05 for his attorneys' fees and costs. However, this amount is far in excess of what Plaintiff should be awarded for the reasons stated below, and Plaintiff's application for fees and costs should be denied or significantly reduced.

First, Plaintiff's attorneys' rate of $425.00 per hour is significantly higher than the rates set by this court for attorneys in similar matters with the experience of Plaintiff's attorney. This matter was not complex or difficult. This Court should reduce the hourly rate to $350.00.

Second, Plaintiffs hours billed for this matter are not reasonable and many of Plaintiff's attorneys' hours are "excessive, duplicative, or otherwise unnecessary." Plaintiff's attorneys' fee application is replete with time expenditures that are excessive.

Third, the time entries of Plaintiff's counsel are vague and inaccurate. Plaintiff provides many non-specific and vague time entries, which this Court has held is grounds for an additional across-the-board reduction in fees. Further, the accuracy of Plaintiff's attorneys' time sheets is also a concern as Plaintiff's attorney documented time attended at conferences and depositions in excess of the time spent at the conferences and depositions.

Fourth, Plaintiff failed to carry his burden on a majority of claims and the Court should reduce the fees and costs in proportion to the success Plaintiff achieved.

In light of the foregoing, the Court must significantly reduce the award of attorneys' fees and costs to Plaintiff.

## NATURE OF ACTION

Plaintiff, Todd Kreisler, initiated this claim alleging thirteen (13) violations of the Americans with Disabilities Act ("ADA") regarding the common areas and the entrance to the Plaza Diner. After a bench trial the Court found that the Plaintiff met his burden with respect to four of the claimed violations, namely with respect to the step outside the Plaza Diner, the lack of proper signage, the absence of a rear grab bar in the men's restroom and the lack of insulation over the restroom pipes. Plaintiff did not meet his burden relating to his claims for the provision of an accessible entrance and adequate clearance within the vestibule, the provision of accessible fixed tables inside the seating area, the provision of an accessible cashier/serving bar counter, the modification of the restrooms for accessibility and the failure to provide a safe handicap accessible emergency exit.

## LEGAL ARGUMENT

**I. Legal Standard**

New York District Courts have discretion to deny fee applications in their entirety or reduce the requested amount of attorneys' fees and costs. In Re NTL, Inc., 2007 WL 438320 (S.D.N.Y.); Guardians Ass'n of Police Dep't of New York, Inc. v. City of New York, 2004 WL 1238376 (S.D.N.Y.) (Court reduced attorneys' fees requested in fee application by eighty percent); Williamsburg Fair Housing Committee v The New York City Housing Authority, et al., 2007 WL 486610 (S.D.N.Y.) (Court reduced attorneys' fees requested in fee application by more than fifty percent); Katzenberg v. Lazzari, 2007 WL 2973586 (E.D.N.Y.) (Court reduced attorneys' fees and costs from $34,561.75 to $7,719.12); Rosasa v. Hudson River Club Restaurant, et al., 1998 WL 106141 (S.D.N.Y.) (Court reduced attorneys' fees requested in fee application by forty percent).

In addition, an award of fees must be limited to the number of hours reasonably expended and limited to reasonable hourly rates. As the Second Circuit has cautioned: "[Attorney's fees are to be awarded with an eye to moderation, seeking to

avoid either the reality of appearance of awarding windfall fees." New York State Ass'n for Retarded Children, Inc., v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983).

The lodestar method adopted in the Second Circuit determines attorneys' fees by determining the number of hours reasonably expended multiplied by a reasonable hourly rate. Klimbach v. Spherion Corp., 467 F. Supp. 2d 323, 331 (W.D.N.Y. 2006), quoting, Hensley v. Eckerhart, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

**II. The Prevailing Market Rates for the Plaintiff's Attorneys in this Matter.**

"The Supreme Court has stated that awards of attorney's fees must be calculated according to the prevailing market rates in the relevant community." Access-4-All Inc. v. Hi 57 Hotel, LLC., 2006 WL 196969 (S.D.N.Y.), quoting, Blum v. Stenson, 465 U.S. 886, 895 (1984). Other factors that a court may consider in determining a reasonable hourly rate for an attorney's fee award include: (i) the time and labor required; (ii) the novelty and difficulty of the question; (iii) the skill required to perform the legal service properly; and (iv) whether the retainer prevented counsel from accepting other legal employment. Access-4-All, Inc., v. Hi 57 Hotel, LLC, 2006 WL 196969.

Plaintiff's attorney, Adam T. Shore, has represented plaintiffs in numerous Americans with Disabilities Act actions in the Southern District since 2009. In this matter, the underlying issues were not complex or novel since the case was virtually identical to scores of other lawsuits filed by the Plaintiff's attorneys, and were likely already researched and briefed in documents for other matters. Therefore, the rates of the Plaintiff's attorneys should be calculated at an hourly rate of $350.00 Access-4-All Inc. v. Hi 57 Hotel, LLC., 2006 WL 196969 (S.D.N.Y.) (awarding $350.00 per hour).

Defendants respectfully request that the Court reduce the hourly rates to $350.00.

3

**III. The Expenditure of Time by Plaintiff's Attorneys is Unreasonable and the Hours Billed Should be Reduced Accordingly.**

In the Second Circuit, after the reasonable hourly rates are determined, the Court must then determine the reasonable time expended by counsel. <u>Katzenberg v. Lazzari</u>, 2007 WL 2973586; <u>Klimbach v. Spherion Corp.</u>, 467 F.Supp.2d at 331, <u>quoting</u>, <u>Hensley</u>, 461 U.S. at 434; 103 S.Ct. 1933. Where an attorney's expenditure of time was unreasonable, the court must exclude those hours from the fee calculation. <u>Yash Raj Films (USA) Inc.</u>, 2007 WL 2572109 at 5. In determining whether the number of hours was reasonable, the court will exclude any hours that were "excessive, redundant, or otherwise unnecessary." <u>Klimbach v. Spherion Corp.</u>, 467 F.Supp.2d at 331, <u>quoting</u>, <u>Hensley</u>, 461 U.S. at 434, 103 S.Ct. 1933.

Plaintiffs attorneys' fees must be reduced because the time expended is clearly excessive, the time entries are vague and inconsistent, and Plaintiff was not successful on many of his claims.

**A. The Time Expended by the Plaintiff's Attorneys is Clearly Excessive.**

The Plaintiff's attorneys cannot recover for the time charged, which is excessive in light of the tasks performed. <u>Katzenberg v. Lazzari</u>, 2007 WL 2973586 (Courts deny or reduce fee awards seeking compensation for duplicative or excessive attorney time). As demonstrated by the analysis below, the Plaintiff's attorneys clearly billed an excessive amount of time for a large number of tasks. Below are a number of examples, which shed light onto the Plaintiff's attorneys' excessive billing practices.

On August 3, 2010, Attorney, Adam T. Shore, billed 1.5 hours for an initial meeting with Plaintiff and then on September 21, 2010, billed 1.6 hours for another meeting with client to sign a retainer agreement. It is not clear what was discussed at these meeting, but it is clearly excessive as it does not take very long to have a retainer agreement signed.

4

Attorney, Adam T. Shore, billed for the following Court conferences: 1.5 hours on December 17, 2010; 2.6 hours on February 4, 2011; 2.5 hours on February 18, 2011; 2.0 hours on July 25, 2011; and 2.5 hours on August 8, 2011. These conferences were attended by Paul Stamatelatos the attorney for the Defendants. See, Declaration of Paul Stamatelatos. The time of the said conferences did not exceed fifty minutes and most of the conferences were approximately thirty five minutes.

On April 9, 2011, Attorney, Adam T. Shore, billed 2.6 hours for a meeting with Defendant's counsel which was only forty five minutes. See, Stamatelatos Declaration.

On June 30, 2011, Attorney, Adam T. Shore, billed 6.0 hours for the depositions of the plaintiff and the defendants. In fact, the depositions commenced at 1:00 pm and were completed by 4:00 pm for a total of three hours and not the six hours billed by Plaintiffs attorney. See, Stamatelatos Declaration.

On August 1, 2011, Attorney, Adam T. Shore, billed 2.5 hours for the preparation of a settlement memorandum and letter to Magistrate Judge Peck. This is clearly excessive for a simple settlement memorandum and letter.

On August 16, 2011, Attorney, Adam T. Shore, billed 3.7 hours for a meeting with client and reviewing plaintiffs deposition in preparation of drafting errata sheet. This is clearly excessive since Plaintiff's deposition testimony was approximately one hour and fifteen minutes.

On August 31, 2011, Attorney, Adam T. Shore, billed 0.5 hours for a consultation with a certified public accountant regarding defendants' tax returns then billed another 1.0 hours on October 5, 2011, with the certified public accountant. Plaintiff did not use an accountant as a witness and did not need to consult with an accountant for this matter and therefore the 1.5 hours billed for the two meetings should not be allowed.

Attorneys, Adam T. Shore and B. Bradley Weitz, billed as follows for the review of Defendants' application for summary judgment and for the opposition to

Defendants' motion for summary judgment: 2.3 hours on August 22, 2011;  2.0 hours on August 24, 2011; 1.5 hours on August 25, 2011; 1.5 hours on August 29, 2011; 1.0 hour on August 30, 2011; 6.0 hours on September 1, 2011, for a total of 14.3  hours billed. This is excessive since Plaintiff's attorneys have commenced numerous ADA actions.

     Attorney, Adam T. Shore, billed a total of 7.0 hours on September 9, 2011, for the research and drafting of proposed findings and facts and conclusions of law. This is excessive as most of the research had been done and the issues were not complex.

     On October 7, 2011, Attorney, Adam T. Shore, billed 3.0 hours for photocopying of two sets of documentary evidence. This is clearly excessive and the copying could have been done by a copy center at a much lower cost.

     Attorney, Adam T. Shore, billed a total of 24.4 hours for the preparation of trial as follows: 5.0 hours on October 6, 2011; 6.0 hours on October 9, 2011; 1.7 hours on October 10, 2011; 9.0 hours on October 10, 2011; and 2.7 hours on October 11, 2011. This is clearly excessive for a trial where the main issue was whether the removal of the alleged barriers were readily achievable.

     Attorney, Adam T. Shore, billed a total of 18.9 hours for the preparation of the closing argument as follows: 4.0 hours billed on October 14, 2011; 5.0 hours on October 15, 2011; 3.0 hours on October 25, 2011; 2.0 hours on October 25, 2011; 2.0 hours on October 25, 2011; and 2.9 hours on October 29, 2011. This is clearly excessive for the preparation of a written closing argument.

     On October 14, 2011, Attorney, Adam T. Shore, billed 4.0 hours for the review of the trail transcript and on October 14, 2011, Attorney B. Bradley Weitz billed for 2.0 hours and for another 1.5 hours on October 24, 2011. There was no need for Attorney, B. Bradley Weitz, to bill 3.5 hours for the review of the trial transcript after Attorney, Adam T. Shore, had billed 4.0 hours for review of the transcripts.

On October 9, 2012, Attorney, B. Bradley Weitz, billed 1.7 hours for review of Plaintiff's motion for fees and costs. There was no need for Plaintiff's co-counsel to review the motion since it was prepared by Attorney, Adam T. Shore, who had the time sheets for Attorney, B. Bradley Weitz .

For the reasons stated above, Defendants respectfully request that the Plaintiffs' attorneys' hours be reduced by fifty percent in light of its excessive billing for tasks performed.

**B. The Plaintiff's Attorneys Time Entries are Vague and Inconsistent.**

The Second Circuit has held that any attorney who seeks compensation through the courts "must document the application with contemporaneous time records...that specify, for each attorney, the date, the hours expended, and the nature of the work done." Katzenberg v. Lazzari, 2007 WL 2973586, quoting, New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). The records must have sufficient specificity "to enable the Court to determine whether the hours billed were duplicative or excessive." Katzenberg, 2007 WL 2973586, quoting, Dailey v. Society Generale, 915 F.Supp. 1315, 1328 (S.D.N.Y. 1996).

Examples where Plaintiff's attorney entries are vague and not specific are set forth below.

On August 3, 2010, Attorney, Adam T. Shore, billed 1.5 hours for "Initial meeting with client regarding case". This entry does not state what the meeting was for.

On August 26, 2010, Attorney, Adam T. Shore, billed 1.2 hours for "Research of owner of company, including letter to New York State Department of State requesting name of corporation doing business at 1066 2nd Avenue".

On September 21, 2010, Attorney, Adam T. Shore, billed 1.6 hours for "Meeting with client, client signed retainer agreement". There is no indication what the transpired at meeting. If the meeting was to sign a retainer agreement then clearly 1.6 hours is excessive.

On February 1, 2011, Attorney, Adam T. Shore, billed 1.0 hours for "In person meeting with client in preparation of court conference".

On February 7, 2011, Attorney, Adam T. Shore, billed 0.5 hours for "Additional conversation with client regarding case".

On February 14, 2011, Attorney, Adam T. Shore, billed 0.5 hours for "Phone conversation with Plaintiff regarding case".

On March 27, 2011, Attorney Adam T. Shore billed 0.2 hours for "Phone conversation with lead counsel".

On March 27, 2011, Attorney, Adam T. Shore, billed 1.0 hours for "Legal research on outstanding discovery issues".

On March 29, 2011, Attorney, Adam T. Shore, billed 0.2 hours for "Phone conversation with counsel for co-counsel".

On March 31, 2011, Attorney, Adam T. Shore, billed 0.2 hours for "Phone conversation with opposing counsel".

On March 31, 2011, Attorney, B. Bradley Weitz, billed 1.0 hours for "Review of multiple photographs of subject facility". There is no mention how many photographs were reviewed in one hour.

On April 12, 2011, Attorney, Adam T. Shore, billed 0.5 hours for "Phone conversation with Paul Stamatelos, Esq.".

On April 13, 2011, Attorney, Adam T. Shore, billed 0.3 hours for "Receipt and review of Order".

While the above are a few of the examples, the time entries above demonstrate the Plaintiff's attorneys' consistent practice of vague and unspecific billing and how this practice makes it extremely difficult for the Court to determine the reasonableness of the hours expended by the attorneys. Where the fee application contains numerous vague entries, courts routinely impose an across-the-board reduction. Katzenberg v. Lazzari, 2007 WL 2973586.

### IV. The Plaintiff's Attorneys Hours Should be Further Reduced because Plaintiff was Not Successful in Receiving All the Relief Sought.

While there is a strong presumption that the lodestar amount represents a reasonable fee, a court has the discretion to adjust the lodestar amount upward or

8

downward based on the results obtained. <u>Trustees of the Bricklayers and Allied Craftsworkers Local 5 New York Retirement v. Hemler-Cronin Construction Inc.</u>, 2005 WL 3789085; <u>Klimbach v. Spherion Corp.</u>, 467 F.Supp.2d at 331. This factor is particularly crucial where a plaintiff is deemed prevailing even though he succeeded on only some claims for relief. <u>MTX Communications Corp., v. LDDS/Worldcom, Inc.</u>, 2001 WL 674142 (S.D.N.Y.). If a Plaintiff has only achieved partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive number. <u>Trustees of the Bricklayers and Allied Craftsworkers Local 5 New York Retirement</u>, 2005 WL 3789085.

Plaintiff commenced an action under the ADA alleging thirteen specific violations. The Court found that plaintiff met his burden on four of the alleged violations. The Court should reduce the lodestar hours by fifty percent.

**V. Plaintiff's Attorneys' Costs Should be Reduced**

Plaintiff's attorneys' cost for $350.00 billed on August 31, 2011, and $700.00 billed on October 5, 2011, for fees to a certified public accountant should not be allowed since there was no need for Plaintiff's attorney to have meetings with a certified public accountant to review Defendants' tax returns.

**VI. Plaintiff's Motion for Costs and Fees Should be Stayed Pending Appeal**

Defendants incorporate by reference the arguments raised in Defendants' Motion to Stay Judgment pending Appeal. In addition, the issues relating to an award of attorneys' fees and costs separately stand a reasonable probability of success. This contention is supported by the fact that one of the issues on appeal relate to plaintiff's standing to bring the ADA action. Where standing is an issue that is resolved favorable to Defendants, an award of attorneys fees and costs is improper. <u>See</u>, <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is

incapable of reaching a disposition on the merits of the underlying claims.") (emphasis in original); Hudson v. Principi, 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."; W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars an award of attorneys' fees'".

### VII. Plaintiff is not a Prevailing Party

The Plaintiff is not a "prevailing party" under the Supreme Court's decision in Buckhannon Board and Care Home, Inc. v. W.Va. Dep't of Health and Human Res., 532 U.S. 598 (2001). That case held that a defendant's voluntary change in conduct, even if it accomplishes what the Plaintiff sought to achieve by the lawsuit, lacks the necessary "judicial imprimatur" on the change. Here, the fact that Defendants voluntarily made changes relating to (i) the provision of the portable ramp; (ii) signage and changes to the bathrooms and toilets, all may be deemed as legally sufficient changes that are "readily achievable" under the ADA. As such changes, did not involve a judicial order, an award of attorneys' fees is improper.

### VIII. Plaintiff's Conduct was Unreasonable

Courts have recognized that many of these ADA lawsuits are nothing more than shakedowns. Indeed, in Doran v. Del Taco, Inc., 373 F.Supp. 2d 1028, 1030 (S.D. Cal. 2005) the Court noted that ADA litigation has created a "cottage industry" whereby unscrupulous law firms send disabled individuals to as many businesses as possible in order to generate lawsuits alleging ADA violations. The Defendants in this case succumbed to such a shake down and had agreed to settle the case before Magistrate Judge Peck at a settlement conference on the monetary and injunctive terms demanded by the Plaintiff. Defendants requested that the terms of the

settlement be made a part of the public record, to protect Defendants against future similar lawsuits. Plaintiff refused this request, prompting Magistrate Judge Peck to admonish Plaintiff's counsel for his conduct and to relay this conduct to Judge Sullivan. This **unreasonable conduct alone**, should limit the attorneys fees and costs that can be claimed by the Plaintiff. See, Brown v. Lucky Stores, Inc., 26 F. 3d 1182, 1190 (9th Cir. 2001) (a business can recover against a plaintiff under the ADA, where the lawsuit is either "frivolous, **unreasonable** or without foundation."

Consistent with Brown, the Court should direct the Defendants to submit their own attorneys' fees and costs based on Plaintiff's unreasonable conduct for payment by the Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiff's application for attorneys' fees, costs and expert fees be denied or alternatively stayed pending appeal.

Dated: Astoria, New York
November 8, 2012

        Respectfully submitted,

        /s/   Paul Stamatelatos
        Paul Stamatelatos, Esq. (PS4437)
        Attorney for Defendants
        36-19 Broadway, 2nd Floor
        Astoria, NY 11106
        Tel. (718) 956-8144
        Fax.(718) 956-8147
        Email: paulstamatelatos@yahoo.com