**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
TODD KREISLER,

                Plaintiff,                    **Civil Action No. 10 Civ. 7592 (RJS)**
                                                          **ECF CASE**
   v.

SECOND AVENUE DINER CORP.,           **REPLY AFFIRMATION**
a New York corporation, d/b/a PLAZA
DINER, and J.J.N.K. CORP.,
a New York corporation,

                Defendants.
_____/

      Plaintiff, TODD KREISLER, by and through his undersigned counsel, hereby files this Affirmation in Reply to SECOND AVENUE DINER CORP., d/b/a PLAZA DINER and J.J.N.K. CORP's (hereinafter referred to as "Defendants") Memorandum of Law In Opposition to Plaintiff's Motion for Fees and Costs (hereinafter referred to as "opposition motion") to the Plaintiff's Verified Motion for Attorneys' Fees and Costs and Incorporated Memorandum.

<u>Introduction</u>

      1.     On October 9, 2012, Plaintiff, by and through his undersigned counsel, filed his Motion for Fees and Costs and Incorporated Memorandum. Attorney's fees, expenses and costs are to be paid by the Defendants pursuant to 42 U.S.C. § 12205, the Administrative Code of the City of New York § 8-502 (f), and 28 C.F.R. 36.505. The Defendants' Opposition Motion, filed on November 9, 2012, requested that the Court issue an Order that: a) the Plaintiff's hourly rate of $425 an hour be reduced to $350 an hour; b) the time expended by Plaintiff's attorneys' is excessive; c) the Plaintiff's time

entries are vague and inconsistent; d) the Plaintiff's hours should be reduced because the Plaintiff met his burden on four of the alleged thirteen violations in the Plaintiff's complaint; e) the Plaintiff is not a prevailing party because the Defendants voluntarily made changes; and f) the Court rule that Americans with Disabilities Act cases are "shakedowns" and the Court rule that Plaintiff's conduct was unreasonable because the Plaintiff did not settle at the first of two settlement conferences.

## Legal Argument

2. Defendants respectfully request that the Court reduce the Plaintiff's requested hourly rates of $425 an hour to $350 an hour based on Access 4 All Inc. v. Hi Hotel, LLC, 2006 WL 196969 (S.D.N.Y) (awarding 350 per hour). Although the Defendants' correctly cite the hourly rate awarded in the aforementioned case, the Defendants' do not take into account inflation. As stated in Plaintiff's moving papers, in considering the rates awarded in prior cases, Courts adjust rates upward to account for inflation.

3. Defendants argue in their opposition motion that time expended by the Plaintiff's attorneys' is excessive. Defendants also filed a document titled "Declaration of Paul Stamatelatos in Support of the Opposition to Plaintiff's Motion for Fees and Costs" (hereinafter referred to as "Declaration of Paul Stamatelatos") whereby by opposing counsel sites his time entries for the time of court conferences, a conference with opposing counsel, and depositions. Undersigned counsel does not dispute the amount of time opposing counsel billed his client for in the Declaration of Paul Stamatelatos. However, the Declaration of Paul Stamatelatos fails to take into account the travel time incurred by the undersigned counsel. In the Southern District of New York, courts generally do not

credit travel time at the attorneys' full hourly rate, but customarily reduce the amount for travel by 50% of the rate. Kerlin De Los Santos v. Just Wood Furniture, Inc. d/b/a Just Wood and Eighty Ninety One Longfellow Corp., 2010 U.S. Dist. LEXIS 15463 (S.D.N.Y. 2010).

4. Therefore, Plaintiff's counsel's time was not excessive. The Plaintiff's time is accurate and accounts for travel time, including allowing extra time due to the possibility of waiting on security lines to enter the Southern District of New York courthouse, and the travel time to and from Paul Stamatelatos, Esq.'s office, whereby undersigned counsel hit grid lock traffic when returning to Manhattan via the Queensboro Bridge. Furthermore, due to being precluded from employment as a result of handling Americans with Disabilities Act, Title III cases, the undersigned included travel time for the day of the depositions and in addition included time for an additional meeting with his client prior to the start of the depositions. Moreover, due to the nature of the Plaintiff's mobility disability, it is easier for the undersigned counsel to go to the Plaintiffs residence for meetings. Accordingly, all meetings with the client included travel time.

5. Accordingly, Plaintiff counsel's time should not be reduced; however, a 50% reduction in the hourly rate for travel time may be warranted. Finally, the defendants remaining assertions regarding excessive time are unfounded.

6. In the Second Circuit, a party seeking an award of attorneys' fees must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done". In re Excess Value Insurance Coverage Litigation, 2004 U.S. Dist. LEXIS 24368 (S.D.N.Y. 2004), quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d. 1136, 1154 (2nd Cir. 1983). In

contrast to defense counsel assertions, Plaintiff's counsel kept contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.

7. In <u>DeGaetano v. Smith Barney, Inc., et al.</u>, 1998 U.S. Dist. Lexis 10634 (S.D.N.Y. 1998), the defendants did not identify every entry they felt should be disallowed, but cited a few examples such as "telephone call with client", "reading pleadings", "arbitration prep" and "inter-office conference." The Court in <u>DeGaetano</u> held that the aforementioned cited examples were clear and obvious, especially upon review of the time records as a whole. Here, as in <u>DeGaetano</u>, the time records are sufficiently detailed.

8. In this case, the Court issued a decision in favor of the Plaintiff, Ordering the Defendants to a) initiate the process for obtaining a permit to build a permanent ramp, and to build a permanent ramp within 90 days it received the permits, b) install a rear grab bar in the men's restroom, c) install insulation over the pipes in both restrooms, d) post an updated permanent ramp outside of the Diner, and e) pay the Plaintiff $1,000 in damages.

9. Accordingly, in the case at bar, the Plaintiff is the prevailing party against the Defendants, and is entitled to reasonable attorneys' fees, expert fees and costs. <u>American Disability Association, Inc., v. Chmielarz</u>, 289 F.3d 1315 (11th Cir. 2002). Moreover, given the facts in this case, the 50% reduction requested by defendants for the Plaintiff failing to prove all thirteen of the specific allegations in the case is extreme and unwarranted.

10. It is well founded that a court may disallow time spent pursuing unsuccessful claims, unless such claims were factually and legally intertwined. *see*

DeGaetano citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) and Reed A.W. Lawrence & Co., Inc., 95 F. 3d at 1170, 1183 (2nd Cir. 1996). Here, as in DeGaetano, the claims were factually and legally intertwined; and in addition, any time spent pursuing unsuccessful claims was de minimus and in response to the defendants demand for an admission that remedying alleged violations was not readily achievable, coupled with defendants' refusing to settle out of fear of being sued again.

11. The defendants' assertion that the Plaintiff is not the prevailing party is groundless, baseless and in direct contradiction to the Honorable Richard J. Sullivan's opinion which specifically states the Plaintiff is the prevailing party.

12. Defense counsel alleges in his Opposition Motion that "The Courts have recognized that many of these ADA lawsuits are nothing more than shakedowns" citing a case where a court in California noted unscrupulous law firms send disabled individuals to as many business as possible to generate lawsuits alleging ADA violations. The California case referenced by defendant is without question distinguishable from the case at bar.

13. The Plaintiff, in this case, Todd Kreisler, was never sent to any place to generate a lawsuit and to even to suggest that he was is an outrage to the Plaintiff and his counsel. Mr. Kreisler is a good person and has only filed meritorious actions. In fact, the restaurant at issue in this case is less than four city block from where Mr. Kreisler lives. Mr. Kreisler is employed and also volunteers his time as treasurer at Disabled In Action, a non for profit organization, established in 1970 to benefit the disabled community.

14. Defense counsel alleges the defendants' almost succumbed to a "shake down" in this case at a settlement conference before Magistrate Judge Peck. Defense

counsel's allegation that the defendants almost succumbed to shake down at a settlement conference is a low brow allegation that is farcical. The reason the case did not settle at the initial settlement conference before Magistrate Judge Peck is because the defendants insisted that as a condition of settlement, the Plaintiff make an admission that it was not readily achievable to cure certain violations alleged in the Complaint.  The defendants tried to pressure the Plaintiff into settling.

15. Paul Stamatelatos, Esq. admitted that the reason the case did not settle was because the defendants wanted an admission from the Plaintiff that it was not readily achievable to cure specific violations of the complaint during court proceedings in this action.  The reason the defendants wanted an admission that violations are readily achievable is because the defendants were afraid of being sued again.  The following colloquies occurred on the record during court conference proceedings:

    a) <u>February 18, 2011</u>

    MR. SHORE: …Although the parties did come close to reaching a settlement agreement, the reason the settlement agreement didn't go forward is because the defendants were requesting that either I or the plaintiff make an admission on the record that it was not readily achievable to either install a bathroom or a permanent ramp.  The complaint requests, among other things, that the Plaza Diner install an accessible entrance and provide an accessible rest room and provide an accessible seating within the restaurant.  The defendants really offered to install a portable ramp, and as a condition of settlement, they wanted an on-the-record admission that it was not readily achievable to install an accessible rest room or to install a permanent ramp, and for those reasons the settlement agreement did not go forward.

    THE COURT:  All right… Do you agree with that?

    MR. STAMATELATOS:  Basically, that's correct, your Honor.

    b) <u>July 25, 2011</u>

THE COURT: And is there any benefit at taking another crack at settlement since this thing was so close once before?

MR. STAMATELATOS: Defendants do not want to settle at this stage, your Honor.

THE COURT: They don't? They'd rather going go to trial?

MR. STAMATELATOS: Yes, Judge.

--

THE COURT:… What hung this up for settlement was the insistence that it be a confidential settlement, is that correct? That's what it was?

MR. STAMATELATOS: … The defendant's feel was that he doesn't want to settle and then have a whole bunch of lawsuits by other plaintiffs seeing that he admitted that there were some violations.

--

MR. STAMATELATOS: Actually I spoke to my client actually after the depositions when I think me and Mr. Shore briefly spoke about a possible settlement again. My client said they were not prepared to settle. I haven't spoken to them since, your Honor.

--

THE COURT: Well, it's just an odd reason for a case not to settle, it seems to me. But, Mr. Shore, it was your client who was insisting on the confidential treatment of this?

MR. SHORE: Your Honor, it wasn't so much the confidentiality; it was the defendant's insistence that the on-the-record admission by plaintiff that it's not really achievable to make certain modifications that the defendant did not want to make, and at that stage of litigation there wasn't enough evidence or discovery -- there was actually no discovery for plaintiff to state that it wasn't readily achievable for certain modifications to be made to the facility.

THE COURT: All right. Well, now we have had some discovery, so how does that play into a potential resolution?

MR. SHORE: The plaintiff is willing to engage in settlement negotiations and is certainly willing to do so. It is willing to discuss settlement with defense counsel and his clients.

>THE COURT: Have you told that to Mr. Stamatelatos?
>
>MR. SHORE: Yes, I have.
>
>THE COURT: Mr. Stamatelatos, have you discussed that with your client?
>
>MR. STAMATELATOS: The last time we discussed it, your Honor, was after the deposition, which I believe was June 30.

16. Defendants opposition motion states that the defendants requested that the terms of the settlement agreement be made public, to protect against future similar lawsuits. However, Mr. Stamatelatos Opposition Motion failed to explain how an on the record settlement agreement would protect the defendants from future similar lawsuits. As stated during the court conferences referenced above, the defendants insisted during the initial settlement conference held on February 4, 2011, that the Plaintiff or his counsel make an admission that certain violations were not readily achievable. The defendants did not provide its tax returns until June 24, 2011 despite numerous good faith attempts to obtain responses to the plaintiff's request for production of documents. A further settlement conference was held on August 8, 2012 and the defendants refused to settle without any explanation or substantive discussion as to why they did not want to settle. Clearly, the defendants tried to pressure the plaintiff into settlement at the first settlement conference by trying to obtain an admission from the Plaintiff that remedying the violations of the Americans with Disabilities Act was not readily achievable, in an effort to prevent them from being sued again.

17. The plaintiff's actions during this case were not unreasonable and the Plaintiff was appropriately determined to be the prevailing party after a two day bench trial before The Honorable Richard J. Sullivan. The fact that the Plaintiff was awarded

$1,000 in compensatory damages makes him a prevailing party entitled to attorneys' fees. <u>Allende & Vidal Espino, v. Unitech Design, Inc. & Chang Kon Hah</u>, Case. No. 10 Civ. 4256 (S.D.N.Y. 2011); <u>U.S. Football League v. Nat'l Football League</u>, 887 F.2d 408, 416 (2nd Cir.1989).

18.     Furthermore, the Plaintiff prevailed on the injunctive relief granted by the Court as specified in paragraph 6 of this Reply Affirmation.  As such, the Plaintiff is the prevailing party.  <u>Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.</u>, 532 U.S. 598 (2001); <u>Purdue v. Kenny A.</u>, 130 S.Ct. 1662 (2010).

WHEREFORE, it is respectfully requested that 1) the Court award the Plaintiff's undersigned counsel reasonable attorneys' fees, expert fees and costs, to be paid by Defendants, SECOND AVENUE DINER CORP. and J.J.N.K CORP., jointly and severally, 2) the Court allow undersigned counsel to file a supplemental motion for attorney's fees for the fees associated with this reply, meetings with the appellate counsel, and for the costs related to the appeal, and 3) allow the Plaintiff's appellate counsel's law firm or the undersigned to file a Motion for Attorney's Fees upon the conclusion of the Appeal for reimbursement of the appellate counsel's time and hourly fees.

Dated: New York, New York
       November 15, 2012

                                        Respectfully submitted,

                                        /s/Adam Shore
                                        Adam T. Shore, Esq.
                                        Law Offices of Adam Shore, PLLC
                                        Attorney for Plaintiff
                                        100 Park Avenue, Suite 1600
                                        New York, New York 10017
                                        Telephone:  (646) 476-4296
                                        Facsimile:  (646) 390-7422