UNITED STATES DISTRCIT COURT
SOUTHERN DISTRCIT OF NEW YORK
----------------------------------------------------------X

TODD KREISLER,

       Plaintiff,

                                                   Case No.: 10cv7592(RJS)

      -against-

SECOND AVENUE DINER CORP. d/b/a
PLAZA DINER, and J.J.N.K. CORP.,

       Defendants.

----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OR RE-ARGUMENT OF THE COURT'S MEMORANDUM AND ORDER DATED JULY 31, 2013**

                                      Paul Stamatelatos, Esq.
                                      Attorney for Defendants
                                      36-19 Broadway, 2nd floor
                                      Astoria, NY 11106
                                      Tel. (718) 956-8144
                                      Fax. (718) 956-8147
                                      Email: paulstamatelatos@yahoo.com

## I. LEGAL STANDARD

Motions for reconsideration in the Southern District of New York are governed by Local Civil Rule 6.3, which states, in part, that the motion shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. To prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995); *accord Eon Labs, Inc. v. Pfizer Inc.*, No. 05 Civ. 0002 (LAP), 2005 WL 2848952, at *1 (S.D.N.Y. Oct. 28, 2005); *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004).

## II. ARGUMENT

Defendants respectfully raise four points for the Court's reconsideration of its award of attorney's fees to Plaintiff.

**Point 1. The Court did not address Plaintiff's contention that there was unfair and unreasonable conduct by the Plaintiff's counsel.**

In awarding attorney's fees, the Court did not address Defendants' argument that there was unfair and unreasonable conduct. Not only should this be a mitigating factor in the award of Plaintiff's attorneys fees, but should allow Defendants to be awarded attorney fees. See e.g., was "frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1190 (9th Cir. 2001) (quoting the standard for award

2

where the Defendant's conduct is "frivolous, unreasonable or without foundation."  Here there was evidence that Plaintiff's Conduct was unreasonable and unfair.

At the settlement conference before Magistrate Judge Peck, Defendants agreed to settle on the monetary and injunctive terms demanded by the Plaintiff.  Defendants requested that the terms of the settlement include a stipulation that access modifications made would be deemed to satisfy the standard of "readily achievable" to offer some limited protection to Defendants against future similar lawsuits.  Plaintiff refused this request, without any explanation, prompting Magistrate Judge Peck to admonish Plaintiff's counsel for his conduct and to relay this conduct to Judge Sullivan.  At the outset of the bench trial, Judge Sullivan mentioned that Judge Peck had discussion.  Plaintiff from the outset of this court action was unreasonable and Defendants' have accrued legal fees many times the cost of the settlement in taking this case through discovery, trial and now appeal.  As Local Rule 6.3 limits affidavits, and settlement discussions are sensitive, at the Court's direction, Defendant, J.J.N.K. Corp., is willing to provide an affidavit relating to the settlement discussions and conduct of the Plaintiff.

**Point 2.   There has been intervening case law, involving the identical counsel and fact patterns in this case, that further show inappropriate conduct.**

Since the filing of the Court's decision, there has been a decision from the Eastern District involving identical counsel (Bradley Weitz< Esq. and Adam T. Shore, Esq.) in another ADA case.

In *Costello vs. Flatman LLC*, Case No., 11 CV 287 (E.D. NY 2013) available the Court noted improper conduct by Plaintiffs' counsel and of creating the factual foundation of the ADA case they brought.

> *Plaintiff states that he was denied access to the Subway because of a step in front of the premises, [following a Court initiated visit], the Court observed that the step still exists, thereby preventing wheelchair access. He also states that after retaining counsel, he was advised there were other violations of the ADA . . . within the store.* **Thus by Plaintiff's own admission, Shore and Weitz were the ones who identified the other violations.** **Id at footnote 15.**

These facts are found in this case as well. As the Trial Transcript provides at Page 43:

```
 8   Q.  When did you become familiar with these violations for the
 9   first time?
10        MR. SHORE:  Objection.  Attorney-client privilege.
11        THE COURT:  What was the question?  When did he what?
12        MR. STAMATELATOS:  When did he become familiar with
13   the violations for the first time.
14        THE COURT:  I don't think that requires a privilege
15   communication.
16        You can answer.
17        THE WITNESS:  Well, I was aware of the step issue when
18   I first went past the diner three years ago.  As far as
19   anything else, when Mr. Shore went into the diner I was made
20   aware of any other architectural defects, if you will, as it
21   relates to the diner.
```

Moreover, compounding this unfairness, Plaintiff's discovery responses did not disclose any person who had knowledge of the conditions of the restaurant and Plaintiff admitted at trial that his awareness of the interior violations came from his counsel Adam T Shore, Esq. Where the attorneys themselves are responsible for creating the

evidence they intend to prosecute, the case lacks foundation under *Brown vs. Lucky Stores, infra.*

**Point 3.   The lodestar calculation should have been further reduced by actions taken by the Defendants' to remedy ADA violations prior to the Court's decision.**

The Court did not address Defendants' argument that actions taken to cure ADA violations voluntarily before this Court's decision, should not have been subject to attorney's fees.  See, *Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001).  That case held that a defendant's voluntary change in conduct, even if it accomplishes what the Plaintiff sought to achieve by the lawsuit, lacks the necessary "judicial imprimatur" on the change.

Here the court acknowledged "but it did not make a finding a fact" that such changes may have been made or made in a manner consistent with the ADA.  The facts however, were uncontroverted, and the Court should have held a hearing or called for evidence to resolve any factual concerns, prior to awarding attorney's fees or making lodestar assumptions.   See also, *Oliver vs.  Ralph's Grocery Company*,  654 F.3d 903 (9th Cir. 2011) providing that "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, see id., a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." See, *Hubbard v. 7-Eleven, Inc.,* 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006); cf. *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179-80 (9th Cir. 2010)."

**Point 4.   In determining the lodestar calculation, the Court incorrectly noted that it had ordered the Defendant's to "build a ramp."**

The Court's decision on legal fees notes that "Defendants must make two notable modifications to the property: renovations to the bathroom and building a permanent ramp. " Memorandum and Order at page 6.

In fact, the Court's decision ordered the Defendants to *apply for a permit* to build a ramp (vs. directly building a ramp), reserving for the contingency that a permit may not be granted.  Accordingly, the lodestar calculation should have excluded the building of ramp as a claim that was prevailed upon (as it was conditional).

### III.  CONCLUSION

Given that the two claims the Court relies upon in determining the lodestar calculation are qualified – specifically (i) bathroom repairs were made prior to the decision and not subject to injunctive relief and (ii) the Defendants were ordered to apply for a permit, the Court's lodestar calculation is improper.

For all the foregoing reasons, the Defendants request that this Court either deny Plaintiff's attorney fees or further reduce them.

Dated: Queens, New York
        August 14, 2013

> Respectfully submitted,
>
> s/   Paul Stamatelatos_____
> Paul Stamatelatos, Esq. (PS4437)
> Attorney for Defendants
> 36-19 Broadway, 2nd Floor
> Astoria, NY 11106
> Tel. (718) 956-8144
> Fax. (718) 956-8147
> Email: paulstamatelatos@yahoo.com


To:    Law Offices of Adam T. Shore
Adam T. Shore, Esq.
Attorney for Plaintiff
100 Park Avenue
Suite 1600
New York, NY 10017


Ben-Zion Bradley Weitz, Esq.
Weitz Law Firm, P.A.
Attorney for Plaintiff
18305 Biscayne Boulevard
Aventura, FL 33160


Andrew Todd Miltenberg, Esq.
Attorney for Plaintiff
363 Seventh Avenue
New York, NY 10001