UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TODD KREISLER,

              Plaintiff,

v.

SECOND AVENUE DINER CORP.,
a New York corporation, d/b/a PLAZA
DINER, and J.J.N.K. CORP.,
a New York corporation,

              Defendants.
------------------------------------------------------X

**Civil Action No. 10 Civ. 7592 (RJS)**
ECF CASE

**OPPOSITION TO DEFENDANTS'**
**MOTION FOR RECONSIDERATION**

      Plaintiff, TODD KREISLER ("Plaintiff"), by and through his undersigned counsel, submits this Opposition to defendants' SECOND AVENUE DINER CORP., d/b/a PLAZA DINER and J.J.N.K. CORP.'s ("Defendants") Memorandum of Law in Support of Motion for Reconsideration or Re-Argument of the Court's Memorandum and Order dated July 31, 2013 ("Motion for Reconsideration").

**Preliminary Statement**

      In lieu of bringing overlooked arguments before this Court on this Motion for Reconsideration, Defendants repeat identical arguments to those that were previously made to the trial court in opposition to Plaintiff's motion for attorneys' fees. Some of these arguments have been made on multiple occasions. These arguments violate Local Rule 6.3 and should be rejected for that reason, as well as for the same reasons that they were rejected or given no consideration previously. Moreover, to the extent that Defendants attempt to raise arguments based on confidential settlement communications, those arguments should not be countenanced.

      Should the Court address the substance of Defendants' arguments, it will find that the arguments have no merit. Case law is clear that a Plaintiff's inability to personally view each

1

Americans with Disabilities Act ("ADA") violation in an establishment does not preclude Plaintiff from suing for those ADA violations that he was informed about.  Furthermore, Plaintiff is the "prevailing party" in this litigation as the "voluntary changes" made by Defendants did not satisfy the requirements of ADA compliance.  As such, Plaintiff is entitled to an award of attorney's fees.  Moreover, even if Defendants' "voluntary changes" did remedy the ADA violations, under the NYCHRL Plaintiff is still entitled to attorneys' fees as the "prevailing party" insofar as the Plaintiff was the catalyst for such changes.  Last, Defendants' claim that the Court's lack of familiarity with its own prior ruling resulted in an excessive fee being awarded is illogical insofar as the Court has cited that same ruling in its award of attorney's fees.

For all of the foregoing, Defendants' Motion for Reconsideration must be denied. In addition, additional attorney's fees in the amount of $2,400 should be awarded.

### Procedural History

On July 31, 2013, following a two day bench trial in which Plaintiff was awarded both compensatory damages and injunctive relief against Defendants Second Avenue Diner Corp. ("Diner"), and J.J.N.K. Corp., *Kreisler v. Second Ave. Diner Corp.,* 2012 WL 3961304 (S.D.N.Y. September 11, 2012, RJS), the Court issued a Memorandum and Order awarding Plaintiff $60,417.05 in attorney's fees and costs ("Fee Award").

On August 15, 2013, the Defendants filed a Motion for Reconsideration requesting that the Court deny the Plaintiff's attorney fees or further reduce them.

### Argument

I.   Standard of Review

Defendants' motion violates the very strict criteria applied by courts in the Southern District for evaluating a motion to reconsider or reargue.  "The provision for reargument is not

designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990). Reconsideration of a prior order of the court order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted).

A motion for reconsideration pursuant to Local Rule 6.3 must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). In a motion for reargument, "a party may not advance new facts, issues or arguments not previously presented to the Court." *McAnaney v. Astoria Fin. Corp.,* 233 F.R.D. 285, 287 (E.D.N.Y. 2005) (internal citations and quotations omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (*quoting* 18 C. Wright, et al., *Federal Practice & Procedure* § 4478 at 790). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.,* 216 F.Supp.2d 341, 342-3 (S.D.N.Y. 2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Motions for reconsideration in United States District Courts for Southern and Eastern Districts of New York are within the sound discretion of the district court. *Hunt v. Enzo Biochem, Inc.*, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007).

II.     Three of Defendants' Arguments Are Improper Repetitions

Three of the four arguments made by Defendants in the Motion for Reconsideration are identical arguments to those previously made by Defendants in their opposition to Plaintiff's motion for counsel fees.  Point 1 of the instant motion, that Plaintiff's counsel engaged in unfair and unreasonable conduct, Br. at 2-3, is identical to Point VIII of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Fees and Costs.  *See* Dckt. #60 at 10-11.  Point 3 of the instant motion, that Defendants' actions to cure the ADA violations should reduce Plaintiff's counsel's lodestar, Br. at 5, is identical to Point VII of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Fees and Costs.  *See* Dckt. #60 at 10.

Similarly, Point 2 of the instant motion, Br. at 3-5, attempts to re-litigate the question addressed multiple times by this Court regarding Plaintiff's standing.  Though Defendants insist it was improper for counsel to advise Plaintiff of other ADA violations within the restaurant that Plaintiff himself could not observe, this Court has rejected this argument on multiple occasions. *See Kreisler,* 2012 WL 3961304, at *5; Dckt #39 (October 5, 2011, RJS).  The Court also rejected this argument when, in the Fee Award, it also denied Defendants' request for a stay.  See Dckt. #65 at 9.[1]

In *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, 2008 WL 4525400 (S.D.N.Y. October 6, 2008, RJS), this court stated that in cases where the losing party is advancing arguments in a motion for reconsideration that merely restates arguments made in the initial motion, reconsideration is "rarely appropriate."  *Id.* at *3 *(citing cases).*  Repeating the same arguments in the hopes of this Court finding them to be meritorious, citing no new law or overlooked facts, is exactly the kind of wasteful repetition the strict standards for reconsideration

---

[1] Defendants seek to confuse this issue by citing an unrelated decision involving the undersigned counsel in another case entitled *Costello v. Din*.  Br. at 4.  That erroneous decision is presently on appeal before the Second Circuit. *See Costello v. Din*, 2013 WL 4035691 (Appellate Brief) (2nd Cir. Jul 30, 2013)**.**

in Local Rule 6.3 are designed to avoid.  Accordingly, Defendants' Motion for Reconsideration based on these three repeated arguments should be denied in all respects.

    III.    <u>Defendants Improperly Discuss Statements Made at a Confidential Settlement Conference</u>

Evidence of conduct or statements made in settlement negotiations are generally not admissible to prove liability for the claim or to show the validity of the claim or its amount. *Hagedorn & Co. v. Sofinor Finance, LLC* 2005 WL 241221 (S.D.N.Y. 2005).  Defendants' themselves stated on the record that conversations with Magistrate Judge Peck were confidential. Tr. at 336:23-25 (MR. STAMATELATOS: "Your Honor, if it was during the settlement conference before Magistrate Peck it is not allowed, your Honor.").  Yet Defendants violate this principle by offering to the Court their own version of what transpired during confidential settlement talks before Magistrate Judge Peck as a basis for reconsidering Plaintiff's attorney's fees award.  Br. at 3.  Such conduct is improper and Defendants' arguments based on those talks should be given no weight.

Moreover, Defendants misrepresent the holding of the court in *Brown v. Lucky Stores, Inc.*, 246 F. 3d 1182 (9th Cir. 2001), as a basis for reducing the attorney's fees award because of alleged unreasonable conduct during settlement negotiations.  Br. at 2-3.  In *Brown*, the court reiterated the principle, established by the Supreme Court in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694 (1978), that where there is a prevailing defendant in a discrimination case, the court may award attorney's fees and costs to the prevailing defendant only where "the plaintiff's action was frivolous, unreasonable, or without foundation." *Id*.  The Supreme Court limited those circumstances to where the complaint itself is groundless, specifically not extending fee and costs awards to prevailing defendants when the plaintiff merely loses the case. *Id*. at 421-2.  Nothing in *Brown* or *Christiansburg* permits a reduction in

fees and costs where, as here, the Plaintiff has prevailed on his case and there has been no finding that any of the underlying allegations made by Plaintiff in the Complaint were entirely "frivolous, unreasonable or without foundation." Furthermore, nothing in *Brown* or *Christiansburg* addresses reducing costs because of alleged "unreasonable" conduct by a party in refusing a settlement offer.[2] As such, Defendants reliance on *Brown* is wholly misplaced.

Notwithstanding the foregoing arguments, to the extent that this Court may consider the conduct of Plaintiff's counsel at the parties' settlement negotiations, Plaintiff strongly contests Defendants' version of events and Defendants' claims that Plaintiff's conduct was unreasonable. Defendants' erroneously claim that Defendants agreed to settle on the monetary and injunctive terms demanded by Plaintiff. Br. at 3. While the case almost settled after negotiations between the parties, the case did not settle at the settlement conference because the Defendants wanted an on the record settlement agreement whereby the Plaintiff or his counsel would admit on the record that the ADA violations in the Complaint that the Defendants did want to correct were not readily achievable to correct. Not only did Plaintiff want the settlement agreement to be confidential, Plaintiff did not want to make an on the record admission that it was not readily achievable for the Defendants to make modifications to the Diner that the Defendants' did not want to rectify. Defendants' simply reiterate in their Motion for Reconsiderations their same unsubstantiated, unwarranted and subjective allegations contained in their Opposition to Plaintiff's Motion for Fees and Costs that Plaintiff's counsel was admonished by Magistrate Judge Peck during the first of two settlement conferences. *See* Dckt. #60 at 10-11.

Magistrate Judge Peck did not breach confidentiality and conveyed to the parties that he was informing this Court that a settlement between the parties was not reached. Indeed a review

---

[2] Had the Court, Magistrate Judge Peck or opposing counsel have truly believed Plaintiff's counsel's conduct to be improper, there are actions that could have been taken to address those concerns. Such actions were not taken.

of the trial transcript contained in the Joint Appendix prepared by Defendants' counsel in connection with the appeal of this matter reveals no dialogue regarding any discussion between the Court and Magistrate Judge Peck about any alleged unreasonable behavior by Plaintiff's counsel. Accordingly, there is no basis to conclude that Plaintiff's counsel's conduct was unreasonable and therefore is not a basis for reducing the attorneys' fees award.

    IV.    <u>Plaintiff's Inability to Personally View All of Defendants' ADA Violations is not Inappropriate Conduct</u>

As set forth in Section II *supra*, this Court has repeatedly found that Plaintiff's inability to view Defendants' ADA violations does not deprive him of standing to sue for violations reported to him by his attorneys and does not constitute "inappropriate" conduct as claimed by Defendants. Br. at 3-4. Plaintiff testified that he was personally aware of the inaccessible entrance the first time he passed by the Diner. Plaintiff could not independently enter the Diner and was unable to personally identify the violations within the Diner due to the inaccessible entrance and the combined weight of the plaintiff and his motorized wheelchair, approximately five-hundred thirty five (535) pounds at the time the Complaint was filed. The Plaintiff was made aware of the interior violations of the Diner after he was advised by his attorney and appropriately brought suit for all ADA violations in the Diner. *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008); *Access 4 All, Inc.*, *v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006) ("In the context of the ADA, awareness of discriminatory conditions, and the avoidance of a public accommodation because of that awareness, is injury in fact.") (*citing Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136-37 (9th Cir. 2002)); *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003).

Moreover, once a Plaintiff has standing to sue for one violation at an establishment, he

has standing to sue for all other violations of the ADA at the same establishment. *Access 4 All, Inc.*, 458 F. Supp. 2d at 174; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008); *Small v. Gen. Nutrition Cos.*, 388 F. Supp. 2d 83, 88-89 (S.D.N.Y. 2005); *Steger v. Franco, Inc.*, 228 F.3d 889, 894 (8th Cir. 2000). In the case at bar, this Court ruled in its summary judgment decision that Kreisler desired to visit Diner but was unable to enter. *See Kreisler*, 2011 WL 486500 at *1-2; and following the bench trial, this Court ruled that Kreisler first passed the Diner in 2008, and that he could not enter because of the eight inch step at its entrance. *See Kreisler*, 2012 WL 3961304, at * 22-23. Accordingly, it is clear that Plaintiff was not sent to the Plaza Diner to generate a lawsuit as Defendants imply and it was appropriate for him to sue for all ADA violations in the Diner.

Last, Defendants' Motion for Reconsideration states that that Plaintiff's discovery responses did not disclose any person who had knowledge of the conditions of the restaurant. Br. at 4. However, Moshe Weitz, P.E. was listed in the Plaintiff's responses to the Defendants' First Sets of Interrogatories as well as in the Plaintiff's Initial Disclosures and Amended Disclosures. The Defendants' failure to depose Mr. Weitz or call him as a witness at trial is of no consequence here and does not illustrate any "inappropriate" conduct warranting reduction of the attorney's fees awarded.

V. <u>Defendants' Voluntary Actions Did Not Remedy the ADA Violations</u>

Defendants blithely state, without offering any specifics whatsoever that the changes curing the ADA violations were voluntarily made by them, that the Court "acknowledged" this fact, and that the attorney's fees should have been reduced on that basis. Br. at 5. This argument is vague, inaccurate and unsupported by the record.

In its opinion following trial, the Court found that Defendants purchased a portable ramp

after the litigation started. *Kreisler*, 2012 WL 3961304, at *3. The Court also found that the Defendants posted a sign and installed a buzzer. *Id*. The Court found these changes to be insufficient, as building a permanent ramp along the front of the Diner is readily achievable, and ordered Defendants to undertake actions to begin the process of installing a permanent ramp. *Id*. at *7-9. The Court further found the signage to be inadequate and ordered it to be changed. *Id*. at *11.

With respect to the bathroom at the Diner, the Court found that Defendants had to put in a rear grab bar and insulation over the pipes under the sink. *Id.* at *12. The Court further noted that Defendants claimed (without substantiation) to have installed the insulation, but that claim was made in an unsworn memorandum of law, after the close of trial and submission of evidence, and therefore not an evidentiary fact the Court could find. *Id*. at *12 n. 6.[3]

Based on these findings made by the Court, it is clear that the voluntary changes allegedly put into place by Defendants did not cure the ADA violations. The portable ramp and signage were inadequate, a rear grab bar was never installed and there was no evidence that insulation was installed over the bathroom pipes. All of these changes were ordered as a result of Plaintiff's litigation, rendering Plaintiff the "prevailing party" as defined by the ADA. 42 U.S.C. §12205. As such, there is no basis for Defendants to claim that their voluntary changes necessitate reduced attorneys' fees. Defendants' arguments based on *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Servs.,* 532 U.S. 598, 121 S.Ct. 1835 (2001), Br. at 5, are therefore inapplicable insofar as it was the actions of Plaintiffs and the order of this Court that have brought about the change in conduct.

---

[3] To the extent that Defendants claim they should have received an additional opportunity to submit evidence on this issue, they are in error. It was Defendants' burden to prove ADA compliance through changes during trial and they failed to do so. Defendants offer no explanation as to why these arguments were not made at the trial itself.

Most importantly, it must be noted that even if Defendants did sufficiently remedy all of their ADA violations voluntarily after the initiation of the litigation, Plaintiff would still be entitled to his attorney's fees under the New York City Human Rights Law. New York City Administrative Code §8–502(f), states that:

> In any civil action commenced pursuant to this section, the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees. For the purposes of this subdivision, the term 'prevailing' includes a plaintiff whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such plaintiff's favor.

Through its express language, §8-502(f) rejects the *Buckhannon Board* holding that catalysts for changes in conduct are not "prevailing parties" entitled to an award of attorney's fees. As was found by the Court, Defendants' changes were made after commencement of this lawsuit. *Kreisler*, 2012 WL 3961304, at *3, *12. As such, Plaintiff was the catalyst for such change rendering him the prevailing party and warranting the award of attorneys' fees.

VI.     The Court Ordered Defendants to Build a Permanent Ramp

In its decision following the trial, the Court was clear that Defendants were to build a permanent ramp, while recognizing Defendants first had to seek permission to do so. *Kreisler*, 2012 WL 3961304, at *8-9, 15. In the Fee Award, the Court cites that portion of the decision that recognizes the need for Defendants to seek permission. Fee Award at 6. Defendants' argument that the Court seemingly forgot this need to request permission when it awarded attorney's fees and that this omission would have altered the amount awarded, Br. at 6, fails to give the Court sufficient regard for familiarity with its own decisions, especially those that it expressly cited in its attorney's fee award. Accordingly, Defendants' argument is without merit.[4]

---

[4] It should be further noted that Defendants make no representations as to the status of their actions to obtain the necessary permits pursuant to this Court's order.

VII.   Attorney's Fees Incurred With Respect to this Motion Should be Awarded

The undersigned has spent over six hours working on this reply, incurring a reasonable lodestar of $2,400 applying the $400 hourly rate already approved by this Court.  Fee Award at 4.  Accordingly, Plaintiff respectfully requests that additional attorney's fees in the amount of $2,400 be awarded.

## Conclusion

WHEREFORE, it is respectfully requested that Defendants' Motion for Reconsideration be denied in all respects and Plaintiff be awarded an additional $2,400 in attorney's fees.

Dated: New York, New York
    August 26, 2013

> Respectfully submitted,
>
> *s/ Adam Shore*
> Adam T. Shore, Esq.
> Law Offices of Adam Shore, PLLC
> Attorney for Plaintiff
> 100 Park Avenue, Suite 1600
> New York, New York 10017
> Telephone:   (646) 476-4296